UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PIERRE GIORDANI,

                Plaintiff,                      **COMPLAINT**

    -against-                               **08 CV 2886**

                                               **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, DET. MARK FRUNZI,    **ECF CASE**
Shield No. 00722 , Individually and in his Official Capacity,
and "JOHN DOE" #1-10, (the name "John Doe" being
fictitious, as the true names are presently unknown),
individually and in their official capacities,

                Defendants.
------------------------------------------------------------------------X

       Plaintiff, PIERRE GIORDANI, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7.     Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     At all times hereinafter mentioned, the individually named defendants, DET. MARK FRUNZI, and P.O.s "John Doe" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

### **FACTS**

13. On August 10, 2005, at approximately 4:00 a.m., plaintiff PIERRE GIORDANI was lawfully driving a motor vehicle in front of 520 West 57th Street, between 9th and 10th Avenues, in the County, City and State of New York.

14. At the aforesaid time and place, plaintiff PIERRE GIORDANI was pulled over by members of the New York City Police Department.

15. There was no lawful basis for stopping plaintiff PIERRE GIORDANI.

16. Plaintiff PIERRE GIORDANI had not committed any moving violations.

17. Plaintiff PIERRE GIORDANI had not disobeyed any traffic control devices or traffic signs.

18. Plaintiff PIERRE GIORDANI had not operated his vehicle in an unsafe or erratic manner.

19. The subject vehicle, which was a 2006 Chrysler 300, had not been reported stolen, nor were there any outward signs to suggesting that the vehicle had been stolen.

20. The subject vehicle was not missing its license plates, and all of its lights were in proper working order.

21. Defendants stopped plaintiff PIERRE GIORDANI solely because of his race, and for no other reason.

22. Thereafter, defendants arrested plaintiff PIERRE GIORDANI and charged him with Unauthorized Use of a Vehicle in the Third Degree.

23. In connection with this arrest, defendants filled out false police reports and forwarded these reports to prosecutors in the New York County District Attorney's Office.

24. As a result of his unlawful arrest, plaintiff PIERRE GIORDANI spent approximately twenty-four hours in jail.

25. Thereafter, plaintiff PIERRE GIORDANI was forced to make multiple court appearances to defend himself against the baseless charges which had been brought by defendants.

26. Notwithstanding the unlawful conduct of defendants, on all January 10, 2006, all charges against plaintiff PIERRE GIORDANI were dismissed.

27. As a result of the foregoing, plaintiff PIERRE GIORDANI sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30. All of the aforementioned acts deprived plaintiff PIERRE GIORDANI of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of defendants' aforesaid conduct, plaintiff PIERRE GIORDANI was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Giordani.

39.     Defendants lacked probable cause to initiate criminal proceedings against Mr. Giordani.

40.     Defendants acted with malice in initiating criminal proceedings against Mr. Giordani.

41.     Defendants misrepresented and falsified evidence before the District Attorney.

42.     Defendants did not make a complete and full statement of facts to the District Attorney.

43.     Defendants withheld exculpatory evidence from the District Attorney.

44.     Defendants misrepresented and falsified evidence before the Grand Jury.

45.     Defendants did not make a complete and full statement of facts to the Grand Jury.

46.     Defendants withheld exculpatory evidence from the Grand Jury.

47.     On January 10, 2006, the criminal proceedings were terminated in Mr. Giordani's favor when a jury acquitted him of all charges.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

49.     The aforementioned individual defendants, to wit, DET. MARK FRUNZI, issued legal process to place plaintiff PIERRE GIORDANI under arrest.

50.     The aforementioned individual defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

51.     The aforementioned individual defendants acted with intent to do harm to plaintiff PIERRE GIORDANI, without excuse or justification.

52.     As a result of the foregoing, plaintiff PIERRE GIORDANI sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54.     DET. MARK FRUNZI created false evidence against Mr. Giordani.

55.     DET. MARK FRUNZI forwarded false evidence and false information to prosecutors in the New York District Attorney's office.

56.     In creating false evidence against , and in forwarding false information to prosecutors, defendants DET. MARK FRUNZI violated Mr. Giordani's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" as if the same were more fully set forth at length herein.

58.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to:

   a) Wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting From the New York Police Department's 'Stop & Frisk' Practices."

   b) Wrongfully stopping and detaining African-American males based on racial profiling, as documented in the Office of the Attorney General of the State of New York, Civil Rights Bureau's December 1, 1999 report entitled "New York City Police Department's 'Stop & Frisk'" Practices: A Report to the People of the State of New York from the Office of the Attorney General."

60. All of the foregoing acts by defendants deprived plaintiff PIERRE GIORDANI of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. Not to have cruel and unusual punishment imposed upon him; and

   E. To receive equal protection under the law.

61. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff PIERRE GIORDANI demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
         March 18, 2008

                                        _____/S_____
                                        JON L. NORINSBERG (JN-2133)
                                        Attorney for Plaintiff
                                        225 Broadway, Suite 2700
                                        New York, N.Y. 10007
                                        (212) 791-5396